```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

William A. Bischoff

   v.                                           Civil No.  19-cv-681-JD
                                                 Opinion No. 2019 DNH 104

United States of America

## O R D E R

William A. Bischoff, proceeding pro se, seeks relief from his sentence under 28 U.S.C. § 2255.[1]  A prisoner in federal custody may move in the court that imposed the sentence "to vacate, set aside or correct the sentence."  § 2255(a). "The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence."  Rule 4(a), Rules Governing Section 2255 Proceedings.  The judge must then examine the motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Rule 4(b).

"Summary dismissal of a § 2255 [motion] is appropriate if it plainly appears from the face of the motion that the movant

---

[1] Bischoff initiated his case with a motion to vacate his sentence under § 2255 (document no. 1) and, at the same time, filed a separate motion to reduce his sentence (document no. 2). The motions are considered together.

is not entitled to relief." Carey v. United States, 50 F.3d 1097, 1098 (1st Cir. 1995). That is, a § 2255 motion must be summarily dismissed if the "allegations, accepted as true, would not entitle the [moving party] to relief." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990). Further, a section 2255 motion "is subject to dismissal, without an evidentiary hearing, if the grounds for relief either are not cognizable under section 2255 or amount to mere bald assertions without sufficiently particular and supportive allegations of fact." Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992); see also Godfrey v. United States, 255 F. Supp. 3d 247, 252 (D. Mass. 2017).

Bischoff was charged with wire fraud, Count I, and willfully failing to file individual federal income tax returns, Count II. He pleaded guilty to both charges pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). As such, the plea agreement was binding on the court. Hughes v. United States, 138 S. Ct. 1765, 1773 (2018).

The plea agreement included a sentencing stipulation that an appropriate sentence would be 48 months unless he deposited into the court's registry, before sentencing, $1,000,000 or more toward his anticipated restitution order. If the deposit were made, "a lesser term of incarceration, but under no


circumstances not less than 24 months, <u>may</u> be appropriate." <u>See United States v. Bischoff</u>, 17-cr-196-JD, doc. no. 6, at ¶ 6 (D.N.H. Jan. 12, 2018). Emphasis added.

The presentence investigation report calculated the applicable guideline sentencing range at 78 to 97 months. The restitution amount was calculated to be $5,647,446.33 on Count I and $568,845 on Count II. Bischoff filed a signed acknowledgement that he had received, reviewed, and understood the sentencing options presented in the presentence investigation report. He then filed an unopposed motion for a non-guideline sentence of 48 months, noting that he had not been able to make the restitution payment necessary to reduce the sentence. He stated that he did not contest the calculation of the restitution amounts. His motion for a non-guideline sentence was granted.

Bischoff was sentenced to 48 months on Count I and 12 months on Count II, to be served concurrently, making his sentence 48 months of imprisonment, a non-guideline sentence. Restitution was ordered in the amounts of $5,647,446.31 on Count I and $568,845 on Count II. Judgment was entered accordingly on June 20, 2018.

In his § 2255 motion and his motion to reduce his sentence, Bischoff argues that his sentence should be reduced to time

served or 24 months.  He states that the requirement of making a deposit toward his restitution obligation to be considered for a lower sentence constitutes "economic disparity between rich and poor" and "is clearly unconstitutional."  Doc. 1, ¶ 12.  He also contends that the government miscalculated the losses in the case, ignored the new definition of intended loss under Amendment 792 to U.S.S.G. § 2B1.1(b), and miscalculated his guideline range, which caused him to have a longer sentence than he would otherwise have had.  He also argues that his sentence is longer than sentences imposed in other economic fraud cases.

    As is noted above, Bischoff pleaded guilty in an 11(c)(1)(C) plea agreement, which was binding on the court if the court accepted the agreement.  He and the government stipulated to the sentencing provision for the possibility of a shorter sentence based on whether he made the agreed deposit toward his restitution obligation.  Therefore, because Bischoff agreed in the plea agreement to the non-guideline sentence, with the stipulated condition for reducing the time of imprisonment, no constitutional violation occurred.

    In addition to the plea agreement, Bischoff moved for a non-guidelines sentence of 48 months.  That sentence was far lower than the guideline range.  His motion was granted; and he was sentenced to 48 months of imprisonment in accordance with

the plea agreement. No error occurred in calculating his sentence or the amount of restitution because he received a non-guideline sentence, and he agreed to the amount of restitution. The defendant received the full benefit of the bargain he struck with the government.

The court has examined Bischoff's motions and concludes that Bischoff is not entitled to relief. Rule 4(a).

## Conclusion

For the foregoing reasons, Bischoff's motion to vacate sentence (document no. 1) and his motion to reduce his sentence (document no. 2) are denied.

Because Bischoff has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c)(2).

The clerk shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 1, 2019

cc: William A. Bischoff, pro se